**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
August 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | |
|---|---|
| **LARRY GENE HARLESS, JR.,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:25CV00553 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNKNOWN,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Larry Gene Harless, Jr., Pro Se Petitioner.*

The petitioner, Larry Gene Harless, Jr., an unrepresented pretrial detainee facing state criminal charges, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Based on my careful review, I conclude that the Petition under § 2241 must be summarily dismissed.

Harless faces criminal proceedings in the Washington County, Virginia, Circuit Court on seven charges brought against him in 2023 and 2024.[1] The charged offenses include unlawful possession of chemicals while a prisoner, manufacturing a controlled substance, and firearm possession. The docket indicates that trial has been continued more than once, and a hearing on Harless' mental status is currently scheduled for September 25, 2025. The Petition alleges that Harless has been

---

[1] The facts about Harless' criminal charges and court proceedings have been gleaned from the Petition and the state court's records online.

detained for more than two years without reasonable bail, was denied a prompt preliminary hearing, and has been denied timely discovery and a speedy trial. As relief in this action, Harless seeks:

> Reasonable Bail . . . Immediate Preliminary Injunction, Investigation through the Following, a Non Bias Legal Research Department, Judicial Ethics Advisory Committee[e], Judicial Inquiry and Review Commission, to constitue [sic] Expert Testimony, Through mediation, with 3rd party counsel, with Adequate Compensation.

Pet. 8, Dkt. No. 1.

There are only limited circumstances in which a pretrial detainee can seek federal habeas corpus relief under § 2241 before the entry of a final court judgment against him. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). As noted in *Moss v. Salmon*:

> In *Dickerson*, the court noted a distinction (also recognized by other federal circuit courts of appeals, as discussed therein) between speedy trial claims attempting to dismiss an indictment or prevent a prosecution and claims attempting to force the state to go to trial. Only the latter is appropriate for pretrial resolution. The *Dickerson* court summarized the rule as follows: "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." 816 F.2d at 226.

No. 7:22-CV-00039, 2022 WL 1094723, at *2 (W.D. Va. Apr. 12, 2022).

I find the reasoning in *Dickerson* and *Moss* to be persuasive. Thus, to the extent that Harless asked this federal court to order the state court to take any

particular action related to the state court criminal proceedings, I cannot find that he has stated a viable claim for relief in this pretrial habeas case.

More importantly, a pretrial detainee must generally exhaust state court remedies before filing under § 2241. While no exhaustion requirement is included in the statute itself, it is well established that "federal courts should abstain from the exercise of [ ] jurisdiction [under § 2241] if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

I find no indication in the Petition or in state court records online that Harless presented any of his § 2241 claims to any state court before filing this federal action. Harless is not pursuing his Petition as a last resort, with no other remedy available in the state courts. The vague complaints he makes about the discovery process, bail, and the timing of the preliminary hearing and the trial are run-of-the-mill matters that a defendant must present to the trial court, before or during trial, and then during the state court appeals and habeas corpus proceedings that may follow. Harless does not describe any exceptional circumstance making apparent the need for this court to consider relief under § 2241 without first requiring Harless to present his concerns to the state courts through the normal legal remedies available there. I will summarily dismiss his Petition accordingly.

A separate Final Order will be entered herewith.

                                              DATED:  August 28, 2025

                                              /s/  JAMES P. JONES
                                              Senior United States District Judge